IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE PR LIQUIDATING TRUST, by and through KELLY McCULLOUGH, its Trustee,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>WESTERN LAND SERVICES, INC., and AUSTIN EXPLORATION, LLC,<br><br>　　　　　　　Defendants. | 2:20-CV-00813-RJC |

## OPINION

Robert J. Colville, United States District Judge

      Before the Court is a Motion to Dismiss (ECF No. 17) filed by Defendants Western Land Services, Inc. ("Western") and Austin Exploration, LLC ("Austin") (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant's Motion has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be granted and the Complaint will be dismissed with prejudice.

### I.  Factual Background & Procedural History

      The Complaint in this action was filed on June 3, 2020 (ECF No. 1) ("Compl."). The allegations in the Complaint are as follows. Plaintiff, The PR Liquidating Trust ("Trust"), holds all assets of Provident Royalties, LLC and its affiliated companies, including Montague Oil & Gas, LLC ("Montague"), pursuant to a June 10, 2010 Order of Court approving Provident Royalties, LLC and its affiliated companies' Consolidated Plan of Liquidation for Debtors' Estates Under Chapter 11 of the United States Bankruptcy Code, issued by the United States Bankruptcy Court for the Northern District of Texas at Bankruptcy Case No. 09-33886. A copy

1

of the Court's Order is attached to the Complaint. (Compl. ¶¶ 8-9). In 2008, Montague allegedly engaged Defendant Western to identify and purchase oil and gas mineral rights in Pennsylvania on behalf of Montague, and Montague would pay Western for its services and reimburse Western for the purchase prices of the properties. (Compl. ¶¶ 10-11). "However, it has recently come to the attention of the Trustee that Western failed to deed these properties to Montague, and instead either continues to hold those properties through an affiliate or successfully sold those properties without ever deeding them to Montague." (Compl. ¶ 12).

Under this arrangement, Western purportedly purchased the mineral rights of three properties on behalf of Montague: 1) The Bell Property – 81.435 acres of a tract of land located in Jackson Township, Greene County, Pennsylvania; 2) The Hresko Property – 6 acres of a tract of land located in Sewickley Township, Westmoreland County, Pennsylvania; and 3) The Jones Property – 21 acres of a tract of land located in South Huntingdon Township, Westmoreland County, Pennsylvania. (Compl. ¶¶ 13, 22, 29). The Bell Property, the Hresko Property, and the Jones Property (collectively the "Properties") were all purchased by Western in 2008. (Compl. ¶¶ 13, 22, 29).

Western deeded the Properties to its affiliate, Defendant Austin, in 2009. (Compl. ¶¶ 15, 24, 31). Austin allegedly subsequently leased and/or deeded the Properties generating rents and profits for Western and itself. (Compl. ¶¶ 16-20, 24-27, 32). Plaintiff claims that Western's failure to deed the Properties' mineral rights to Montague and its alleged misappropriation of the rents and profits for its own use were in breach of an agency contract with Montague and its fiduciary duty not to engage in self-dealing. (Compl. ¶¶ 34-46). Plaintiff also claims Western converted money paid by Montague by deeding the Properties to Austin, and not Montague, in 2009. (Compl. ¶¶ 48-53).

In addition, Plaintiff asserts that Western's purchase of the Properties with funds from Montague, and fraudulent conveyance of the Properties to Austin in 2009, should result in the Properties being placed in a constructive trust, and that Western and Austin have a duty to conveythe Properties and any rents and proceeds from the Properties to Montague. (Compl. ¶¶ 55-61). Lastly, Plaintiff claims that Defendants conspired to wrongfully deprive Montague of the rents, profits, and proceeds of the Properties. (Compl. ¶¶ 63-66).

The Trust has brought 5 claims in this action: Breach of Contract (Count I) (Compl. ¶¶ 34-39), Breach of Fiduciary Duty (Count II) (Compl. ¶¶ 40-46), and Conversion (Count III) (Compl. ¶¶ 47-53) against Western;  and claims for a Constructive Trust (Count IV) (Compl. ¶¶ 54-61) and Civil Conspiracy (Count V) (Compl. ¶¶ 62-68) against Western and Austin.

On July 17, 2020, Defendants filed their motion to dismiss.  (ECF No. 17). Defendants challenge all five claims on statute of limitations grounds (Defs.' Mot. Dismiss ¶ 4), and Counts II, III, and V on gist of the action grounds. (Defs.' Mot. Dismiss ¶ 6).

## I.      Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).  While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

"A statute of limitations defense is an affirmative defense that a defendant must usually plead in his answer." *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015). Although the statute of limitations is an affirmative defense, a court can dismiss a complaint based on the statute of limitations when "the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994). But "'[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).'" *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)) (quoting *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978)). And "a plaintiff is not required to plead, in a complaint, facts sufficient to overcome an affirmative defense." *Schmidt,* 770 F.3d at 251. "Thus, if 'the pleading

4

does not reveal when the limitations period began to run,' then 'the statute of limitations cannot justify Rule 12 dismissal.'" *Stephens*, 796 F.3d at 288 (quoting *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011)).

## III. Discussion

### A. Statute of Limitations

The statute of limitations requires aggrieved individuals to bring their claims within a certain time of the injury, so that the passage of time does not damage the defendant's ability to adequately defend against claims made." *Dalrymple v. Brown*, 549 Pa. 217, 701 A.2d 164, 167 (1997). "Statutes of limitations 'are designed to effectuate three purposes: (1) preservation of evidence; (2) the right of potential defendants to repose; and (3) administrative efficiency and convenience.'" *Meehan v. Archdiocese of Phila.*, 870 A.2d 912, 919 (Pa. Super. 2005) (quoting *Kingston Coal Co. v. Felton Min. Co.*, 456 Pa. Super. 270, 690 A.2d 284, 288 (1997)). "Generally speaking, the statute of limitations begins to run as soon as the right to institute and maintain the suit arises." *U.S. Bank, Nat. Ass'n v. First Am. Title Ins. Co.*, 944 F. Supp. 2d 386, 398 (E.D. Pa. 2013), *aff'd sub nom. U.S. Bank Nat. Ass'n v. First Am. Title Ins. Corp.*, 570 F. App'x 209 (3d Cir. 2014); *Sevast v. Kakouras*, 591 Pa. 44, 915 A.2d 1147, 1153 (2007).

Defendants argue that Plaintiff's claims are barred by the applicable statutes of limitations because, as alleged, Western purchased and allegedly failed to deed the relevant properties to Montague in 2008. They argue that at the latest, Montague and Plaintiff were on constructive notice that Western failed to deed the properties to Montague in 2009 when Western recorded its transfer of the properties to Austin. Because the applicable statutes of limitations are two, four, and five years, and there are no applicable tolling doctrines, Plaintiff's claims expired long before Plaintiff filed its Complaint on June 3, 2020, according to Defendants.

The relevant statutes of limitations are as follows:

1. Count I: Breach of Contract

In Pennsylvania, the statute of limitations for a breach of contract action is four years. See 42 Pa. Cons. Stat. § 5525(8). Generally, in Pennsylvania, "'an action founded on a contract accrues when the contract is breached.'" *PSC Info Grp. v. Lason, Inc.,* 681 F.Supp.2d 577, 588 (E.D. Pa. 2010) (quoting *Sadtler v. Jackson–Cross Co.*, 402 Pa. Super. 492, 587 A.2d 727 (1991)).

2. Count II: Breach of Fiduciary Duty

Under Pennsylvania law, the statute of limitations for a breach of fiduciary duty claim is two years, see 42 Pa. C. S. § 5524(7) (2013), and it generally "begins to run ... when the [fiduciary] openly and unequivocally violates his duties." *Weis–Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 422 (3d Cir. 2005).

3. Count III: Conversion

Under Pennsylvania law, there is a two-year statute of limitations for conversion. See 42 Pa. C. S. § 5524(3). "Generally, the statute of limitations begins when the plaintiff's cause of action accrues; although, there are certain instances where the statute of limitations may be tolled." *New Castle v. Halliburton NUS Corp.*, 111 F.3d 1116, 1124 (3d Cir. 1997). Plaintiffs' conversion claim accrued when the "first significant event necessary to make the claim suable occur[ed]." *In re River Entm't Co.*, 467 B.R. 808, 815 (Bankr. W.D. Pa. 2012).

4. Count IV: Constructive Trust

Pennsylvania law, specifically, 42 Pa.C.S.A. § 5526(3), provides a five year statute of limitations to "[a]n action to enforce any equity or redemption or any implied or resulting trust as to real property." 42 Pa. C.S.A. § 5526(3). A constructive trust is one that the law implies and is

bound by a five year statute of limitations. This five year statute of limitations does not begin to run "until the time the grantee has breached the promise to reconvey or until the time the grantor should reasonably have known of the grantee's wrongful retention of the property." *Truver v. Kennedy,* 229 A.2d 468, 475 (Pa. 1967) (citation omitted).

     5. Count V: Conspiracy

"[T]he statute of limitations for civil conspiracy takes on the timeframe from the underlying illegality." *Rice v. Diocese of Altoona-Johnstown*, 212 A.3d 1055, 1075 (Pa. Super. 2019) (citations omitted). The underlying alleged illegality here is a tort-based claim. Therefore, as noted *supra*, because the statute of limitations for tort-based claims is two years under 42 Pa.C.S. § 5524, Plaintiff's civil conspiracy claim also has a two-year statute of limitations.

     Plaintiff argues that the court should apply the discovery rule and toll the running of the applicable statutes of limitations until the time when Plaintiff knew or reasonably should have known that it had been injured and that its injury had been caused by Defendants' conduct. Generally speaking, courts will not dismiss a complaint where it is not facially evident when the limitations period began to run, which is a factually intensive inquiry, Plaintiff argues, *citing Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 835 (3d Cir. 2011). Thus, at this stage of the proceedings, Plaintiff argues, we should not find its claims are time-barred and should deny the motion to dismiss to permit further fact through discovery. We note that in the Complaint Plaintiff alleges: "However, *it has recently come to the attention of the Trustee* that Western failed to deed these properties to Montague, and instead either continues to hold those properties through an affiliate or successfully sold those properties without ever deeding them to Montague." (Compl. ¶ 12) (emphasis added). Finally, Plaintiff argues that to the extent we find any merit to Defendants' arguments, the Trust requests leave to amend the complaint.

7

In response, Defendants argue, correctly, that as a bankruptcy trustee, Plaintiff is put in the debtor Montague's shoes and any party in Montague's position would have or reasonably should have been aware in 2008 that it paid for property that it did not receive.  Second, Defendants argue that, at the latest, the statutes of limitations started running in 2009 because, on the face of the Complaint, both Montague and Plaintiff had constructive notice that the Properties were deeded to Austin, and not Montague, in 2009. In Pennsylvania, the recording of a deed gives constructive notice that precludes the invocation of the discovery rule. *Weik v. Estate of Brown*, 794 A.2d 907, 909 (Pa. Super. 2002*); see also id*. at 911 ("Clearly, the recording statute has been given effect beyond determining priority of title. It has been interpreted to give notice to the public of title transfer and the contents of a deed."); *Poffenberger v. Goldstein*, 776 A.2d 1037, 1042 (Pa. Commw.  2001) ("The recording of a deed serves to provide public notice in whom the title resides.").

Applying the constructive notice, we are compelled by applicable state law precedent to conclude that Plaintiff should have reasonably discovered the Properties were deeded to Austin, and not Montague, at the very latest, in 2009, when the properties were deeded and the deeds were recorded with the Westmoreland and Green County Recorder of Deeds. *See Weik*, 794 A.2d at 911 ("No reasonable mind would disagree that Appellant failed to exercise due diligence in discovering his injury."). The Complaint expressly acknowledges that Western's purchase of the Properties with funds from Montague, and allegedly fraudulent conveyance of the Properties to Austin, occurred in 2009 and specifically alleges that the deeds were recorded in that same year. (Compl. ¶¶ 15, 24, 31).   Plaintiff commenced this action in 2020, well after any of the statutes of

limitation enumerated *supra*., and accordingly, because the affirmative defense is case dispositive and appears on the face of the pleading, the motion to dismiss will be granted.[1]

### B. Leave to Amend

Plaintiff requests an opportunity to amend the complaint to cure any deficiencies. Under the Federal Rules of Civil Procedure, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir. 1993). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Burlington*, 114 F.3d at 1434. In this case, granting the Plaintiff leave to amend would be futile as all claims are untimely. Accordingly, the request for leave to amend is denied.

### IV. Conclusion

For the reasons discussed above, the Court will grant the motion to dismiss and the Complaint will be dismissed with prejudice. An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: March 30, 2021

cc: All counsel of record via CM-ECF

---

[1] Accordingly, we need not address the remainder of the arguments presented in Defendants' Motion to Dismiss.